*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1908**

Lucas Sanchez,
Appellant,

vs.

St. Louis County Public Health and Human Services Department,
Respondent,

Minnesota Department of Human Services,
Respondent.

**Filed May 23, 2016
Reversed and remanded
Kirk, Judge**

St. Louis County District Court
File No. 69DU-CV-15-548

Gwen Updegraff, Legal Aid Service of Northeastern Minnesota, Duluth, Minnesota (for appellant)

Mark S. Rubin, St. Louis County Attorney, Benjamin M. Stromberg, Assistant County Attorney, Duluth, Minnesota (for respondent St. Louis County Public Health and Human Services Department)

 Lori Swanson, Attorney General, Patricia A. Sonnenberg, Assistant Attorney General, St. Paul, Minnesota (for respondent Minnesota Department of Human Services)

        Considered and decided by Connolly, Presiding Judge; Stauber, Judge; and Kirk, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

Appellant Lucas Sanchez challenges a decision by the Minnesota Commissioner of Human Services (commissioner) that he was overpaid benefits under the Supplemental Nutrition Assistance Program (SNAP) and Medical Assistance (MA). Because the commissioner concedes that its decision was based on an error of law, we reverse and remand for further proceedings consistent with this opinion.

## FACTS

Sanchez applied for and received SNAP benefits between December 2010 and May 2013 and MA benefits between December 2010 and November 2013. On all applications and certifications, Sanchez indicated that his household had no income. In April 2013, anticipating an inheritance, Sanchez decided not to reapply for benefits. Respondent St. Louis County Public Health and Human Services (the county) notified Sanchez that, because required forms had not been provided, his SNAP and MA benefits would stop on June 1, 2013, and May 31, 2013, respectively, and that his two children's MA benefits would stop on November 30, 2013.

In June, the county received an anonymous tip that Sanchez and his wife were selling items on craigslist.org. The county initiated an investigation and located a number of craigslist ads; motor-vehicle-registration records reflecting eight vehicles and one trailer registered to Sanchez; and an eBay account registered to Sanchez with selling activity. The county sent a verification-request form to Sanchez, requesting him to verify any income

from self-employment between December 2012 and June 2013. Sanchez did not respond to the request.

The county next sent a letter to Sanchez advising him that the county had determined that overpayments had occurred in his SNAP and MA benefits, but did not specify the amounts of any overpayments. The Minnesota Department of Human Services (department) noticed a hearing before a human-services judge (HSJ) to "decide whether you have committed an intentional violation of the rules" for SNAP. Sanchez did not respond or participate in the hearing, and the commissioner issued an order disqualifying Sanchez from receiving SNAP benefits for a period of one year, and Sanchez did not appeal.

The county then sent to Sanchez notices of overpayments of SNAP benefits, in the amount of $14,524, and MA benefits, in the amount of $17,769.35. Sanchez appealed, and a hearing was scheduled before an HSJ.

Following the hearing, the HSJ issued recommended findings of fact, including that:

> [] Appellant describes himself as a tinkerer. Appellant and his family live on 7 acres of land. Appellant obtains items from other people for free or low cost and uses many of the items as parts to repair his house or vehicles. Appellant also fixes up cars and the cars he cannot fix are junked. When Appellant junks the car he turns over the title to the junkyard and relies on them to transfer the title with the state. Appellant has acquired several items on his property, such as old propane tanks, old tires, old water heaters, a broken backhoe, salvaged steel or plywood. Appellant uses these items to make things and occasionally he lists for sale on either craigslist or ebay. Appellant also allowed his friends to store items, such as vehicles, on his property.

3

> [] Appellant started [an] account on ebay on February 12, 2012. In the beginning, Appellant bought school items on ebay and sold some household items such as baking ware. In January and February 2013, Appellant sold guitars, amps, and music gear totaling $4,985.00. In April and May 2013, Appellant sold items for his mother's estate. Appellant put the proceeds of these sales in the estate account. Appellant opened an ebay store account around May 2013.
>
> [] Appellant contends that he was selling household items occasionally. Appellant and his family used their student loans and tax returns to live during the year. The household did not have any ongoing source of income. . . . Appellant did not actually sell the items referenced by the [county] on craigslist and the majority of the items are still on the property.

The HSJ recommended a conclusion that the county could not assess overpayments for the period between December 2010 and December 2012 because it had not requested income verification for that time period. But the HSJ recommended that the overpayment assessments be affirmed for all SNAP benefits paid for the period from December 2012 through May 2013 ($2,202) and for all MA benefits paid for the period from December 2012 through September 2013 ($11,160.48) because "the [county] requested verification[] [and] Appellant did not respond."

The commissioner adopted the HSJ's recommended findings, conclusions, and order and denied Sanchez's request for reconsideration. Sanchez appealed to the district court, which affirmed the commissioner's decision.

Sanchez now appeals to this court.

# DECISION

In reviewing the commissioner's decision, we apply the standard of review set forth in the Minnesota Administrative Procedures Act. *See* Minn. Stat. § 14.69 (2014); *Brunner v. State, Dep't of Pub. Welfare*, 285 N.W.2d 74, 75 (Minn. 1979); *Zahler v. Minn. Dep't of Human Servs.*, 624 N.W.2d 297, 301 (Minn. App. 2001), *review denied* (Minn. June 19, 2001). Under that standard, we may

> affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:
>
> (a) in violation of constitutional provisions; or
> (b) in excess of the statutory authority or jurisdiction of the agency; or
> (c) made upon unlawful procedure; or
> (d) affected by other error of law; or
> (e) unsupported by substantial evidence in view of the entire record as submitted; or
> (f) arbitrary or capricious.

Minn. Stat. § 14.69 (2014). We "review[] the commissioner's order independently, giving no deference to the district court's review." *Zahler*, 624 N.W.2d at 301.

Sanchez asserts that the commissioner erred by assessing the entire amount of SNAP and MA benefits paid to Sanchez as overpayments based solely on his failure to provide the county with requested information regarding his income. We agree.

Under federal regulations governing SNAP, households applying for benefits are required to provide certain information to state agencies administering the program as well as participate in interviews, and the state agency must verify the required information.

7 C.F.R. § 273.2(d) (2015). "If the household refuses to cooperate with the State agency in completing the process, the application shall be denied at the time of the refusal." *Id.* "The household shall also be determined ineligible if it refuses to cooperate in any subsequent review of its eligibility, including reviews generated by reported changes and applications for recertification." *Id.*

With respect to continuing participation, the federal regulations provide that, "[d]uring the certification period, the [s]tate agency may obtain information about changes in the household's circumstances from which the [s]tate agency cannot readily determine the effect of the change on the household's benefit amount." *Id.* § 273.12(c)(3) (2015). Under such circumstances, the agency "must pursue clarification and verification of household circumstances" beginning with a written request for contact. *Id.* § 273.12(c)(3)(i). If the household fails to respond, "the [s]tate must issue a notice of adverse action . . . which terminates the case, explains the reasons for the action, and advises the household of the need to submit a new application if it wishes to continue participating in the program." *Id.* § 273.12(c)(3)(ii).

The federal regulations also provide for the recovery of overpaid benefits. *Id.* § 273.18(a)(3) (2015). Federal regulations provide a formula for determining the amount of benefits that have been overpaid, which generally requires the state agency to subtract from the correct amount of benefits received from the benefits to which a household is actually entitled. *Id.* § 273.18(c) (2015).

However, as the commissioner now concedes,[1] the federal regulations authorize the collection of overpayments as determined under the formula provided, but do not authorize the assessment of an overpayment for the entire amount of benefits paid based on the failure to provide information. Accordingly, the order affirming the overpayments assessed with respect to SNAP benefits is based on a mistake of law.

To qualify for MA, a household of two or more persons must meet certain income requirements and its total net assets must not exceed $20,000. *See* Minn. Stat. § 256B.056, subd. 3c(a) (2014). Household goods are not included in determining whether a household has exceeded the total net asset limit. *Id.*, subd. 3c(a)(1). Moreover, under department policy, the sale of an excluded asset does not count as income. Counties are required to recover wrongfully obtained MA benefits, but they are limited to recovering the amount wrongfully obtained, which is the amount in excess of the amount to which a recipient was entitled. Minn. R. 9505.0015, subp. 49, 9505.0131, subp. 4 (2015). As with SNAP benefits, there is no authority for the county to recover the full amount of benefits paid based on the mere failure to provide information. Accordingly, the commissioner's decision with respect to MA benefits is based on an error of law.

---

[1] At oral argument, the county expressed frustration at the commissioner's seeming change of stance on this issue, arguing that the department has previously advised counties to cite an overpayment for all SNAP benefits paid when a client refuses to provide information to establish the amount of the overpayment. We understand this frustration, and we find no fault in the county's compliance with guidance from the department. Instead, we conclude that any such guidance was legally erroneous, and that the commissioner erred by affirming the overpayment determinations on that basis.

Appellant requests that this court reverse the commissioner's decision with respect to the assessment of overpayment of SNAP benefits and modify the MA overpayment to $1,577.13, reflecting amounts paid on behalf of his children after he received a life-insurance payment in July 2013. But appellant has not provided a sufficient evidentiary basis to substantiate this amount. The commissioner requests that the matter be remanded for further consideration. Because there is a factual issue regarding appellant's entitlement to MA benefits for his children after he received the life-insurance payment, we conclude that a remand is appropriate.

**Reversed and remanded.**